IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LIVERMORE, Derivatively on Behalf of Nominal Defendant DEAN FOODS COMPANY | § § § § | |
| Plaintiff, | § § | NO. 3-10-CV-0882-BD |
| VS. | § § | |
| GREGG L. ENGLES, ET AL. | § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER

In this shareholder derivative action, 12 current or former officers and directors of Dean Foods Company ("Dean Foods"), together with Diary Farmers of America, Inc. ("DFA"), National Dairy Holdings, L.P. ("NDH"), Southern Marketing Agency, Inc. ("SMA"), and Dairy Marketing Services, LLC ("DMS"), have filed a Rule 12(b)(6) motion to dismiss plaintiff's original complaint alleging a conspiracy to manipulate prices for fluid Grade A milk products in violation of federal antitrust laws. The main ground for dismissal urged by defendants is plaintiff's failure to comply with Fed. R. Civ. P. 23.1, which requires a complaint asserting a derivative action to "state with particularity [ ] any effort by the plaintiff to obtain the desired action from the directors or comparable authority . . .; and the reasons for not obtaining the action or not making the effort." FED. R. CIV. P. 23.1(b)(3).[1] Plaintiff believes that his complaint is sufficient, but if the court

---

[1] Defendants also move for dismissal on the grounds that plaintiff has not adequately pled the timing of his stock ownership and his complaint is not properly verified.

concludes otherwise, he seeks leave to file an amended complaint to cure the pleading defects identified by defendants.

Plaintiff acknowledges that he did not make demand on the directors of the corporation before filing this derivative action in federal court, but maintains that such demand would be futile. The parties agree that Delaware law, the state where Dean Foods is incorporated, governs the demand futility inquiry. Under Delaware law, a plaintiff may demonstrate that demand on the board of directors is futile if, under the particularized facts alleged, "a reasonable doubt is created that: (1) the directors are disinterested and independent, and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000); *see also Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993). "Directorial interest exists whenever divided loyalties are present, or a director either has received, or is entitled to receive, a personal financial benefit from the challenged transaction which is not equally shared by the stockholders." *Pogostin v. Rice*, 480 A.2d 619, 624 (Del. 1984), *overruled on other grounds by Brehm*, 746 A.2d 244, *citing Aronson*, 473 A.2d at 814. "Independence means that a director's decision is based on the corporate merits of the subject before the board rather than extraneous considerations or influences." *Aronson*, 473 A.2d at 816. For the court to find that demand is futile due to director interest or lack of independence, a majority of the board of directors must be interested or lack independence. *See Beam v. Stewart*, 845 A.2d 1040, 1046 n.8 (Del. 2004). To overcome the presumption that the board's actions were the product of a valid exercise of business judgment, a plaintiff "must plead particularized facts sufficient to raise [ ] a reason to doubt that the action was taken honestly and in good faith or [ ] a reason to doubt that the board was adequately informed in making the decision." *In re J.P. Morgan*

*Chase & Co. Shareholder Litig.*, 906 A.2d 808, 824 (Del. Ch. 2005), *aff'd*, 906 A.2d 766 (Del. 2006), *quoting In re Walt Disney Co. Derivative Litig.*, 825 A.2d 275, 286 (Del. Ch. 2003).

Here, plaintiff asserts derivative claims arising from a number of business decisions made by the Dean Foods board of directors, including approval of a merger with Suiza Foods Corporation ("Suiza") for the ostensible purpose of gaining control of a majority of fluid milk bottling plants in the southeastern United States, thereby restricting the access of independent dairy farmers to bottling plants in that region. (*See* Plf. Compl. at 22-29, ¶¶ 69-86 & 30-37, ¶¶ 87-108; *see also* Plf. Resp. at 12-13). Plaintiff alleges that demand on the board "would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action." (*Id.* at 35, ¶ 105). Specifically, the complaint alleges that:

- Defendants Engles, Davis, Green, Hardin, Muse, Nevares, Schenkel and Turner, as members of Suiza's board of directors, and Defendants Collens and Hill, as members of Former Dean Foods' board of directors, because they face a substantial likelihood of liability for breaching their fiduciary duties by planning and executing the Merger and the resulting transactions to circumvent the DOJ's antitrust concerns, of which they had actual knowledge, thereby initiating the antitrust conspiracy. Accordingly, Defendants Engles, Davis, Green, Hardin, Muse, Nevares, Schenkel, Turner, Collens and Hill are incapable of disinterestedly and independently considering a demand to commence and vigorously prosecute this action.

- Defendants Engles, Collens, Davis, Green, Hardin, Hill, Kirk, Muse, Nevares, Schenkel and Turner (the entire Board), because they face a substantial likelihood of liability for breaching their fiduciary duties by taking further action, as described hereing [sic], to facilitate and continue the illegal scheme to fix fluid Grade A milk prices post the Merger, and therefore are incapable of disinterestedly and independently considering a demand to commence and vigorously prosecute this action.

- As Chief Executive Officer of [Dean Foods], Engles stands to earn millions of dollars in annual salary, bonuses, and other compensation, all of which must be approved by the Compensation Committee, currently comprised of defendants Green, Hardin, Muse, and Turner. Specifically, in 2007, Engles received total compensation of $8,152,798. In 2006, Engles received total compensation of $11,025,493. Accordingly, Engles is incapable of independently and disinterestedly considering a demand to commence and vigorously prosecute this action against those defendants who control his annual compensation.

(*Id.* at 36, ¶ 106(a)-(c)). The complaint further alleges that the Dean Foods board engaged in "anticompetitive business practices and insider sales of the Company's stock on the basis of their knowledge of the Company's anticompetitive business practices," and ordered or permitted the individual defendants to cause Dean Foods to engage in anticompetitive practices or sell company stock on the basis of inside information. (*Id.* at 36, ¶ 107). Plaintiff alleges that the scheme to cause Dean Foods to engage in illegal, anticompetitive business practices has subjected the company to potential liability in the form of antitrust litigation and has damaged the company's reputation in the investment community. (*Id.* at 37, ¶ 108). Because none of this wrongful conduct could have been a good faith exercise of business judgment, plaintiff maintains that demand is excused. (*Id.* at 36-37, ¶¶ 107-08).

With the exception of his allegations against Engles (*see id.* at 36, ¶ 106(c)), plaintiff fails to make any particularized assertion of self-interest or lack of independence against any of the individual defendants. Rather, plaintiff treats all defendants collectively and contends that, as a group, the directors caused Dean Foods to engage in illegal conduct, which excuses demand. (*See id.* at 35-36, ¶¶ 106-08; *see also* Plf. Resp. at 12-14). Such "group accusations" are insufficient to satisfy the pleading requirements of Rule 23.1. *See In re Citigroup Inc. Shareholder Derivative Litig.*, 964 A.2d 106, 121 n. 36 (Del. Ch. 2009) (plaintiffs failed to adequately plead demand futility

where they relied on "group accusation mode of pleading"); *In re ITT Corp. Derivative Litig.*, 653 F.Supp.2d 453 (S.D.N.Y. 2009) (under Delaware law, demand futility must be determined on a director-by-director basis and conflation of all the directors into a single entity is insufficient under Rule 23.1); *Pedroli v. Bartek*, 564 F.Supp.2d 683, 695 (E.D. Tex. 2008) (conclusory allegations regarding directors "as a group" held insufficient to demonstrate demand futility under Delaware law).

In addition, plaintiff has failed to plead particularized facts that satisfy either prong of the *Aronson* test. None of the facts alleged by plaintiff suggest that any director -- much less a majority of the directors -- stood to receive a personal financial benefit from the transaction that was not equally shared by the shareholders. *See Aronson*, 473 A.2d at 812. Nor does plaintiff allege particularized facts which suggest that any director based his or her decision to approve the Dean Foods-Suiza merger, or any of the other challenged decisions, on specific extraneous considerations rather than the merits of the transactions themselves. Similarly, plaintiff makes only generalized allegations that the directors violated their fiduciary duties. (*See* Plf. Compl. at 35-36, ¶ 106). There are no specific facts alleged in the complaint that raise a reasonable doubt as to whether the board was adequately informed in making the decision to pursue the Dean Foods-Suiza merger, or to suggest that any of the other challenged actions were not undertaken honestly and in good faith.[2]

---

[2] Plaintiff argues that demand would be futile because the individual defendants, as directors of Dean Foods, "specifically designed and executed the Merger and associated transactions for the purpose of, and with the effect of, furthering the antitrust conspiracy." (Plf. Resp. at 15-16, 19). However, Delaware courts have consistently rejected this type of "bootstrap argument" that demand should be excused because directors face potential liability in the impending action. *See Aronson*, 473 A.2d at 817 (noting that acceptance of such an argument "would effectively abrogate Rule 23.1"). Demand will not be excused merely because a majority of directors are named as defendants or are threatened with personal liability for their involvement in the challenged transaction. *Id.* at 815, 817-18; *see also Pogostin*, 480 A.2d at 625. Rather, the challenged transaction must be "so egregious on its face that board approval cannot meet the test of business judgment." *Aronson*, 473 A.2d at 815; *see also Citigroup*, 964 A.2d at 121. Plaintiff's conclusory allegations that the individual directors deliberately designed and executed the Dean Foods-Suiza merger and other transactions for the purpose of furthering the alleged antitrust conspiracy fail to meet this test. *See Aronson*, 473 at 815, 817-18 (mere approval of a transaction by director is insufficient to excuse demand).

Plaintiff also alleges that the individual defendants engaged in insider trading. (*See id.* at 36, ¶ 107). However, plaintiff has not specified the details of any stock sale or explained what inside knowledge defendants traded upon. Without such information, plaintiff cannot demonstrate demand futility. *See In re Coca-Cola Enterprises, Inc. Derivative Litig.*, 478 F.Supp.2d 1369, 1379-80 (N.D. Ga. 2007), *aff'd*, 269 Fed. Appx. 888 (11th Cir. 2008) (under Delaware law, boilerplate allegations of insider trading are insufficient to establish demand futility). Nor does the allegation that Engles earned almost $20 million dollars in compensation over a two year period show that he "is incapable of independently and disinterestedly considering a demand to commence and vigorously prosecute this action against those defendants who control his annual compensation." (Plf. Compl. at 36, ¶ 106(c)). *See In re Goldman Sachs Mutual Funds*, No. 04-Civ-2567(NRB), 2006 WL 126772 at *11 (S.D.N.Y. Jan. 17, 2006) (general allegations of substantial compensation are insufficient to establish demand futility).

Finally, plaintiff has no claim against the alleged co-conspirators -- DFA, NDH, SMA, and DMS -- for aiding and abetting unless he is allowed to pursue his derivative claims against the individual defendants. *Globis Partners, L.P. v. Plumtree Software, Inc.*, No. 1577-VCP, 2007 WL 4292024 at *15 (Del.Ch. Nov. 30, 2007); *Khanna v. McMinn*, No. Civ. A. 20545-NC, 2006 WL 1388744 at *28 n.224 (Del. Ch. May 9, 2006). *See also Landy v. D'Alessandro*, 316 F.Supp.2d 49, 55 (D.Mass. 2004) ("Failure to comply with Rule 23.1 for a challenged action results in dismissal of all claims that rely on that challenged action.").

## CONCLUSION

For these reasons, defendants' Rule 12(b)(6) motion to dismiss [Doc. #42] is granted. Rather than dismiss this case outright, the court will allow plaintiff to file an amended complaint within 30 days from the date of this order. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,

313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). If plaintiff cannot replead as required by today's decision, he shall so inform the court, and this case will be dismissed with prejudice.

SO ORDERED.

DATED: September 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE